MEMORANDUM *
Navneet Ghotra appeals from the district court’s ruling denying'her petition for habeas corpus. Ghotra claims that she received ineffective assistance of counsel in her appeal before this court. See Ghotra v. Ashcroft, 114 Fed.Appx. 957 (9th Cir.2004). Ghotra sought two forms of relief in her habeas case: (1) that the district court order this court to accept an appeal despite our prior order barring her from further filings and (2) that the district court order the Board of Immigration Appeals (“BIA”) to reissue its final order, restarting the period to file an appeal in this court.
Because the district court did not have the power to order this court to accept an appeal, Ghotra’s first claim for relief lacks an essential element of standing — redressibility. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Because the remedy she sought is unavailable, Ghotra’s first claim for relief fails.
The district court could have, however, ordered the BIA to reissue its final *605 order. See Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir.2007). Because she failed to file a motion to reopen with the BIA, Ghotra’s second claim for relief nonetheless fails. Ghotra’s ineffective assistance of counsel claim is based on her appellate attorney’s failure to raise a claim of ineffective assistance of counsel by her attorney before the Immigration Judge (“IJ”). Because her claim of ineffective assistance of appellate counsel stems from a claim of ineffective assistance of counsel before the IJ, Ghotra was required to exhaust the underlying ineffective assistance of counsel claim. See id. at 974. Framing the claim as one of post-final order ineffective assistance of counsel ignores the fact that the BIA had the power to remedy the situation by granting a motion to reopen based on the deficient performance of Ghotra’s first attorney before the IJ.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.